## WILLIAM C. PADEN v. F. C. CARSON.

(Filed September 5, 1905.)

LIQUOR LICENSE—Appeal—Rehearing. Where a hearing is had before the board of county commissioners and witnesses examined on an application for liquor license against which remonstrance is filed, and an appeal is taken from the decision of the board, to the district court the judgment of the district court, or judge affirming or reversing the decision of the board is a final disposition of the cause, unless appealed to the supreme court. After a decision of the board in such cause granting a license has been reversed by the district court, and the license denied and ordered revoked, there is no authority in the county board to rehear the cause on the same petition and notice, and after hearing additional testimony, to regrant a license.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. A. Johnson,* for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

BURFORD, C. J. : The defendant in error, Carson, made application to the board of county commissioners of Noble county for license to sell intoxicating liquors in Billings, Noble county, Oklahoma. The application was filed in October, 1903, and license was ordered to issue by the county board. The plaintiff in error, Paden, remonstrated against the granting of the license. The district court of Noble county without passing upon the case, remanded the cause to the board to take further testimony. The case was heard again,

and a second order entered granting a license. The remonstrant again appealed to the district court, and the cause was there reversed, and the license ordered revoked. No appeal was taken from this judgment. The applicant again went before the board on the same petition and notice, submitted some additional evidence, and again obtained an order of the board granting a license. The remonstrant again appealed to the district court, and on April 16, 1904, the district court affirmed the last order of the county board, and ordered the license to issue. From this judgment the remonstrant appeals to this court.

The record was filed in this court on July 2, 1904, and the defendant in error was served with summons in error on the 13th day of July, 1904, and the briefs of plaintiff in error were duly served on counsel for defendant in error on August 8, 1904, and filed the same day. The defendant in error has made default; no brief has been filed for defendant in error, and at the January session, 1905, the cause was submitted upon the record and briefs of plaintiff in error.

A number of alleged errors are assigned, some of which are apparently fatal to the judgment. The judgment of the district court on the first appeal was neither affirming or reversing the judgment of the county board: The cause was remanded to enable petitioners to submit further evidence, but upon the second appeal the district court on January 28, 1904, rendered a judgment reversing the judgment of the board of county commissioners, and revoking and setting aside the license issued to the applicant, and ordered the costs taxed to the petitioner. This was a final judgment, and the applicant prayed an appeal, procured a stay of execution for five days, and did in fact make a record for appeal. This

judgment has never been reversed, set aside, vacated or appealed from. The petitioners went back to the commissioners' court, presented the same petition and notice, offered some additional evidence, and procured a further order of the board granting a license, from which remonstrant again appealed. He objected before the board to any further proceedings in the cause, and continued to protest and object in the district court.

The statute authorizing appeals in this class of cases is not so broad or comprehensive as the general statute providing for appeals from the decisions of the board of county commissioners. On a hearing before the county board and a petition for liquor license and a remonstrance, it is provided by sec. 3399, Wilson's Stat. 1903, that:

"The testimony of said hearings shall be reduced to writing and filed in the office of the county clerk, and if any party feels himself aggrieved by the decision in said cause, he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court, and such appeal shall be decided by the judge of such court upon said evidence."

This statute seems to contemplate that on appeal from the county board to the district court the case is taken to the district court for final decision, and no authority is given to remand the case for further proceedings other than to carry into effect the final judgment of the district court. The last proceedings had before the board granting the license to petitioner, and the action of the court affirming said decision were erroneous, and the judgment of the district court rendered in said cause on April 16, 1904, is reversed at the costs of the defendant in error, and all the proceedings had since the rendition of the judgment in the district court, rendered

Vol. 15—26.

on January 28, 1904, are set aside and vacated at the costs of the petitioner, and the district court is directed to render judgment for the remonstrants, and against the petitioner, for all the costs.

Hainer, J. who presided in the court below, not sitting; Burwell, J., dissenting. All the other Justices concurring.